UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY ANN FORD,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:17-cv-02412 AC<br><br>**ORDER** |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401-34.[1] For the reasons that follow, plaintiff's motion for summary judgment will be DENIED, and defendant's cross-motion for summary judgment will be GRANTED.

## I. PROCEDURAL BACKGROUND

Plaintiff applied for DIB on January 9, 2014. Administrative Record ("AR") 278.[2] The disability onset date was alleged to be August 1, 2013. AR 278-79. 324. The application was

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability. 42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986).
[2] The AR is electronically filed at ECF Nos. 13-3 to 13-14 (AR 1 to AR 762).

1

disapproved initially and on reconsideration. AR 94-122. On September 16, 2015, ALJ G. Christopher C. Knowdell presided over the hearing on plaintiff's challenge to the disapprovals. AR 34 – 93 (transcript). Plaintiff, who appeared with her counsel James Pi, was present at the hearing. AR 34. Mr. Thomas Reed, a Vocational Expert ("VE"), also testified. Id.

On February 9, 2017, the ALJ found plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d). AR 15-25 (decision), 26-31 (exhibit list). On September 20, 2017, after receiving a request for review of hearing and a representative's brief as additional exhibits, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 1-5 (decision and additional exhibit list).

Plaintiff filed this action on November 15, 2017. ECF No. 1; see 42 U.S.C. § 405(g). The parties consented to the jurisdiction of the magistrate judge. ECF Nos. 10, 11. The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed. ECF Nos. 15 (plaintiff's summary judgment motion), 18 (Commissioner's summary judgment motion).

## II. FACTUAL BACKGROUND

Plaintiff was born in 1963, and accordingly was, at age 49, a younger person under the regulations, on the alleged disability onset date.[3] AR 23. Plaintiff has at least a high school education, and can communicate in English. Id.

## III. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003). "'The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . .'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such

---
[3] See 20 C.F.R. § 404.1563(c) ("younger person").

2

evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted). Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Secretary of HHS, 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Commissioner, 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV. RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled." 42 U.S.C. §§ 402(d)(1)(B)(ii) (DIB), 1381a (SSI). Plaintiff is "disabled" if he is "'unable to engage in substantial gainful activity due to a medically

determinable physical or mental impairment . . ..'" Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24-25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

20 C.F.R. § 404.1520(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, the claimant is not disabled.

Id. §§ 404.1520(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is disabled. If not, proceed to step four.

Id. §§ 404.1520(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

Id. §§ 404.1520(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Id. §§ 404.1520(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

4

## V. THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2018.
>
> 2. [Step 1] The claimant has not engaged in substantial gainful activity since August 1, 2013, the alleged onset date (20 CFR 404.1571 *et seq.*).
>
> 3. [Step 2] The claimant has the following severe impairments: bilateral carpal tunnel syndrome; degenerative disc disease of the cervical spine; obesity; major depression; and posttraumatic stress disorder (20 CFR 404.1520(c)).
>
> 4. [Step 3] The claimant does not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 5. [Residual Functional Capacity ("RFC")] After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except: occasionally handle and finger bilaterally; occasionally climb stairs and crawl; never climb ropes, ladders, or scaffolds; no steep inclined planes; should avoid vibrations; and limited to perform simple routine repetitive tasks and occasional interactions with the public, supervisors, and coworkers.
>
> 6. [Step 4] The claimant is unable to perform any past relevant work (20 CFR 404.1565).
>
> 7. [Step 5] The claimant was born [in 1963] and was 49 years old, which is defined as a younger individual age 18-49, on the alleged disability date. The claimant subsequently changed age category to closely approaching advanced age (20 CFR 404.1563).
>
> 8. [Step 5, continued] The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).
>
> 9. [Step 5, continued] Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82041 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 10. [Step 5, continued] Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

////

////

> 11. The claimant has not been under a disability, as defined in the Social Security Act, from August 1, 2013 through the date of this decision (20 CFR 404.1520(g)).

AR 17-24.

As noted, the ALJ concluded that plaintiff was "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d). AR 25.

## VI. ANALYSIS

Plaintiff alleges that the ALJ erred by failing to properly consider her subjective testimony regarding her carpel tunnel syndrome. ECF No. 15 at 6-13. The court disagrees.

### A. Legal Standards for Consideration of Claimant's Testimony

An ALJ's credibility finding must be properly supported, and sufficiently specific to ensure a reviewing court that the ALJ did not "arbitrarily discredit" a claimant's subjective statements. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989). However, the ALJ is not "required to believe every allegation" of disability. Id. In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors. Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991) (en banc). If there is objective medical evidence of impairment, the ALJ may then consider the nature of the symptoms alleged, including aggravating factors, medication, treatment and functional restrictions. See id. at 345–47.

The ALJ also may consider: (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment, and (3) the applicant's daily activities. Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996). Work records, physician and third-party testimony about nature, severity and effect of symptoms, and inconsistencies between testimony and conduct also may be relevant. Light v. Comm'r., 119 F.3d 789, 792 (9th Cir. 1997). A failure to seek treatment for an allegedly debilitating medical problem may be a valid consideration in determining whether the alleged associated pain is not a significant nonexertional impairment. See Flaten v. Sec'y of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995). The ALJ may rely, in part, on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d

1453, 1458 (9th Cir. 1989), which cannot substitute for medical diagnosis. Marcia v. Sullivan, 900 F.2d 172, 177 n. 6 (9th Cir. 1990).

"Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing." Morgan v. Comm'r.,169 F.3d 595, 599 (9th Cir. 1999). "The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." Id. So long as substantial evidence supports an ALJ's credibility finding, a court "may not engage in second-guessing." Thomas, 278 F.3d at 958.

### B. The ALJ Did Not Err in Discrediting Plaintiff's Testimony

Having found objective medical evidence of impairment, the ALJ proceeded to consider permissible factors that bear on the credibility of a claimant's subjective testimony. See AR 20-22. The ALJ found that plaintiff's testimony about the intensity, persistence and limiting effects of her symptoms was inconsistent with the medical evidence and with her history of conservative treatment. Id.

The ALJ gave numerous examples of contradictions between plaintiff's testimony and the medical record. For example, plaintiff testified that her carpel tunnel has gotten worse such that she cannot grip anything, and she drops things. Id. Plaintiff specifically claimed that she could only lift half a gallon of milk (approximately four pounds). Id. The ALJ found these statements were contradicted by the medical record. Specifically, physical examinations revealed that plaintiff's grip and dexterity were intact, and she displayed a normal range of motion in her thumbs, wrists elbows and shoulders. AR 21, 507.[4] Medical records also showed plaintiff displayed intact motor strength and sensation in the upper extremities with no evidence of trigger points. AR 21, 507-08.

In June of 2015, plaintiff had normal range of motion, muscle strength, and stability in all extremities and no pain on inspection, with no edema. AR 21, 748. When plaintiff complained of worsening hand pain in January of 2016 she was advised to use a wrist splint. AR 21, 740.

---

[4] The ALJ did not note, though the same record shows, that Phalen's sign was positive and Tinel's sign was positive bilaterally but negative at the elbows. AR 507.

This same note remarked that the severity level of the pain was "moderate" and that the patient failed to perform labs previously ordered. AR 740. Notes reflect plaintiff would be referred to a neurologist if the splint did not improve her wrist pain (AR 742), but there are no later records of a referral. Though an April 2016 x-ray revealed degenerative joint disease of the bilateral thumb, a visual overview of all four extremities was normal, and there is no record of further treatment. AR 21, 734.

Medical evidence that contradicts a claimant's subjective pain statements is a legitimate reason to discredit a claimant. Bunnell, 947 F.2d at 344, 20 C.F.R. § 404.1529(c)(2) ("Objective medical evidence … is a useful indicator to assist us in making reasonable conclusions about the intensity and persistence of your symptoms …."). The ALJ therefore did not err by failing to credit plaintiff's testimony regarding the severity and impact of her carpal tunnel symptoms.

The ALJ's credibility determination was also based on the records of treating physician Dr. Robert Lang, who noted that the clamant did not take medication for her symptoms and that massage therapy "helped some." AR 21, 700. The ALJ also pointed to the absence of evidence that treating physicians recommended physical restrictions. AR 21-22. An ALJ may consider plaintiff's treatment as part of the credibility determination. A record of conservative treatment inconsistent with plaintiff's subjective pain testimony is an adequate basis to discount the claimant's testimony. Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir.1999) (rejecting subjective pain complaints where petitioner's "claim that she experienced pain approaching the highest level imaginable was inconsistent with the 'minimal, conservative treatment' that she received").

In sum, the ALJ's permissibly considered, and specifically identified, contradicting medical evidence and plaintiff's record of conservative treatment. Because the ALJ provided adequate reasoning in support of her credibility determination, which is supported by substantial evidence, the court may not engage in "second guessing." Thomas, 278 F.3d at 958. Plaintiff's motion is therefore denied.

## VII. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 15), is DENIED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 18), is GRANTED;

3. The Clerk of the Court shall enter judgment for the Commissioner, and close this case.

DATED: January 30, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE